IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BERKELEY LAW AND TECHNOLOGY GROUP, | Civ. No. 10-437-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JAMES E. JACOBSON, JR., and JAMES E. JACOBSON, P.C., | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Berkeley Law and Technology Group ("Berkeley") originally filed this action in state court for a declaratory judgment invalidating an attorney's lien filed by Defendants James E.

OPINION AND ORDER                                1                                {KPR}

Jacobson, Jr. ("Jacobson") on behalf of Defendant James E. Jacobson, P.C. ("JJPC") (collectively "Defendants") to claim a security interest in certain patent rights. Defendants filed a notice of removal of the action claiming that the case involves a federal question, specifically, a question of patent law, and thus federal subject matter jurisdiction exists. Berkeley filed this motion seeking remand of this action to state court on the grounds that removal was both untimely and lacking a jurisdictional basis. Defendants argue that removal of this action to federal court is appropriate.

The court grants Berkeley's motion to remand this matter to state court.[1] The allegations in a complaint determine federal jurisdiction for purposes of removal. Here, Berkeley's complaint relies on Oregon statutory law for its request for declaratory and injunctive relief against Defendants' allegedly improper attorney's fee lien on the asset, a patent, owned by a Berkeley client. Berkeley's right to the requested relief does not depend on resolution of a substantive question of patent law or otherwise raise a federal question. Diversity jurisdiction does not apply because both of the defendants are citizens of Oregon for jurisdictional purposes and the amount in controversy is less than $75,000. Further, Defendants' removal was untimely. Finally, the court denies Berkeley's request for attorney fees because, viewing the record as a whole, the court in its discretion concludes that an award of attorney fees is not warranted under 28 U.S.C. § 1447(c).

*Legal Standard*

A defendant may remove to federal court an action filed originally in state court where "the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). The well-pleaded complaint rule governs

---

[1] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 631(c)(1).

this determination and provides that "a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id*. (citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)). Demonstrating that the standard for removal is met is a burden that lies squarely on the defendant. *See id.* at 1244 ("The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992))). It follows from the well-pleaded complaint rule that "'a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)). Finally, the presumption against removal dictates that any doubt as to its propriety resolves in favor of remand. *Hunter*, 582 F.3d at 1042 (citing *Gaus*, 980 F.2d at 566).

Original federal jurisdiction lies in "any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a) (2010). And, where the jurisdiction of the district court "was based, in whole or in part, on [28 U.S.C. § 1338,]" the Federal Circuit Court of Appeals ("Federal Circuit") has exclusive jurisdiction over any appeals arising therefrom. 28 U.S.C. § 1295(a)(1) (2010). The interplay between these two jurisdictional provisions was key to resolving a "peculiar jurisdictional battle" between the Seventh Circuit Court of Appeals and the Federal Circuit and, consequently, clarifying the contours of original federal jurisdiction with respect to patent laws. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court clarified the meaning of "arising under," for purposes of determining the existence of federal

jurisdiction under the federal patent laws. The court wrote:

> Linguistic consistency, to which we have historically adhered, demands that § 1338(a) jurisdiction likewise extend only to those in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Id*. at 808-809. The court then emphasized: "a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Id*. at 809 (quoting *Franchise Tax Bd.*, 463 U.S. at 14). Furthermore, even if the complaint itself contains a patent law theory, it will not confer federal jurisdiction unless that theory is essential to resolution of the claims. *See id*. at 810 ("Nor is it necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a patent-law question is essential . . . . Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." (internal citations omitted)). To be clear, although the above-cited cases concern jurisdictional disputes between two federal courts of appeal, the principles stated are directly applicable to district court jurisdiction as the cases principally address the contours of 28 U.S.C. § 1338(a), which governs original district court jurisdiction over actions arising under patent law.

*Background*

Berkeley filed its complaint for declaratory judgment and injunctive relief in Multnomah County Circuit Court on February 23, 2010. (Notice of Removal, Exhibit ("Ex.") 1 at 4.[2]) The

---

[2] The documents attached to the notice of removal were not clearly identified as separate exhibits. The court has treated the entire attachment as a single exhibit and numbered the pages

complaint alleged that JJPC did business in Oregon and Jacobson was its "principal owner and service provider . . . ." *Id.* at 1. JJPC was hired to provide legal work to Berkeley on a contract basis and, later, the parties disagreed as to the amount of fees owed to Defendants. *Id.* at 1-2. Berkeley alleges that it never granted a security interest to Defendants to secure the payment of attorney fees. *Id.* at 2. Even so, Jacobson filed a "UCC-1 Financing Statement on January 13, 2010, claiming a security interest in certain patent rights belonging to one of [Berkeley's] clients." *Id.*

Berkeley's first claim for relief seeks declaratory judgment and alleges that Defendants lacked authority to file the financing statement, yet refuse to file a termination statement. In its second claim for injunctive relief, Berkeley alleges that Defendants' unauthorized filing has caused irreparable damage to Berkeley's relationship with its clients and that Defendants should be ordered to terminate that particular filing and enjoined from filing UCC-1 financing statements in the future. In addition to declaratory and injunctive relief, Berkeley seeks attorney fees pursuant to ORS 79.0625(3)(c).

Berkeley attached a copy of the UCC-1 Financing Statement filed by Defendants and stamped as received by the Oregon Secretary of State on January 13, 2010. (Notice of Removal, Ex. 1 at 5.) It lists as debtors both "Rational Patent Corp." and Berkeley, and identifies several patents as the associated collateral. *Id.* The secured party is identified as JJPC.

Several documents are also attached to the notice of removal. The first is a letter from Defendants giving notice to Berkeley, via counsel, of the lien and of Defendants' intent to foreclose if the relevant parties, Berkeley and its clients, do not pay in full the amount of attorney fees demanded by Defendants. *Id.* at 6-8. The next document is entitled "Recordation Form Cover

---

sequentially.

Sheet: Patents Only" which identifies the parties to and the subjects of the patent, attached to which are additional documents including an acknowledgment of the UCC-1 filing, and a copy of the financing statement itself. *Id.* at 9-11.[3] Subsequent documents include a letter from Jacobson to Ted Karr, whose email address indicates that he is associated with Berkeley. The letter attaches both copies of the lien and invoices detailing fees Jacobson claimed he was owed. *Id.* at 12-18. A document entitled "ATTACHMENT A" lists several patents, and their title, inventor, and date. The footer to this document indicates that it acted as an attachment to the UCC-1 financing statement. *Id.* at 22-25. Finally, Exhibit 1 contains an amendment to the UCC-1 financing statement and an acknowledgment thereof. The amendment reflects a change to the debtor, listing Berkeley as the sole debtor and omitting Rational Patent Corp. *Id.* 26-27.

On February 23, 2010, Berkeley filed the summons and complaint in this matter in Multnomah County Circuit Court and sent Defendants a copy via email. (Greene Declaration ("Decl."), Ex. A at 1.) Jacobson replied on February 25 and 26, 2010, also via email, stating "Venue is incorrect[,]" and "You sued the wrong party." *Id*. On February 26, 2010, a confirming email was sent by Nationwide Process Service, Inc., stating that service in the matter of Berkeley Law & Technology Group, LLP v. James E. Jacobson, Jr., et al. had been accomplished on both JJPC and Jacobson. (Greene Decl., Ex. B.) On March 1, 2010, Berkeley emailed copies of the summons and complaint accompanied by a letter stating that the documents had previously "been served to [Defendants] by office service and substituted service." (Greene Decl., Ex. C at 2.) This letter was also sent via regular mail and a "Certified Mail Receipt" confirmed that the letter was received by Jeffrey Clayton on March 2, 2010, at 818 Southwest Third Avenue, #104, Portland, OR, 97204.

---

[3] This series of documents is repeated at pages 19-21 and again at 26-28.

OPINION AND ORDER                                6                                {KPR}

In an email dated March 2, 2010, Jacobson stated that he "found a copy of [Berkeley's] summons and [his] office was in disarray[,]" and insinuated that his office was broken into in order to effect service. (Greene Decl., Ex. E at 1.) The email also referred to the "claims in [Berkeley's] purported 'complaint'" and stated that if Berkeley "want[ed] to effect service" it should serve Peter Martindale ("Martindale"), an investigator for the Oregon Bureau of Labor and Industries, who was investigating Jacobson's employment discrimination complaint against Berkeley. The same day, Berkeley emailed a copy of the summons and complaint to Martindale. On March 16, 2010, Berkeley filed for summary judgment on its state court claims. (Greene Decl., Ex. H at 1-8.) Oral argument on the motion for summary judgment was scheduled for April 21, 2010. *Id.* at 46. Defendants removed the case to this court on April 19, 2010.

*Discussion*

Berkeley argues that remand of this action to state court is appropriate because no federal claim is made on the face of the complaint; the parties are not diverse; and Defendants' Notice of Removal was not timely filed. Defendants counter that removal is proper because the lien in question is secured by a patent and, furthermore, patent law is the exclusive province of the federal courts. Defendants also argue that the Notice of Removal was timely filed.

I.   Federal Question

The existence of federal question jurisdiction is determined by the nature of the allegations in the complaint. Berkeley alleges two claims: first, for declaratory judgment that, pursuant to ORS 79.0109(4)(b), chapter 79 does not cover the type of security interest claimed by Defendants and, thus, Defendants had no authority to file the financing statement; second, for an order requiring Defendants to terminate the security interest and an injunction preventing Defendants from filing a

similar lien in the future. The complaint itself refers to patents only once, stating: "Without the consent or authorization of plaintiff, defendant Jacobson, as an individual and on behalf of defendant JJPC, filed a UCC-1 Financing Statement on January 13, 2010, claiming a security interest in certain patent rights belonging to one of plaintiff's clients." (Notice of Removal, Ex. 1 at 2.) The complaint also includes an attachment, a copy of the financing statement in question, which identifies several patents that Defendants claim as security for the lien.

Defendants argue, chiefly, that the action is inextricably linked to the practice of patent law and, furthermore, that an attorney's lien secured by a patent is considered legitimate. Defendants cite cases regarding the propriety of attorney's liens secured by patents as well as the appropriate method in which to perfect such interests. These cases do not, however, provide support for Defendants' argument that this action presents a federal question and, thus, that removal is proper.

There seems no genuine disagreement between the parties that their original relationship arose from legal work on patents and patent prosecution and that their dispute stems from a disagreement over payment to Defendants of attorney fees arising from such work on behalf of Berkeley. However, that the dispute has some connection to a patent or patent law does not confer federal jurisdiction on a complaint that alleges only state law causes of action. As noted above, binding authority is clear that where a complaint contains only state law claims and presents no issue that necessarily relies on patent law for its resolution, 28 U.S.C. § 1338(a) does not confer federal question jurisdiction.

Defendants claim that the case necessarily requires resolution of a patent law issue, but the parties' dispute is over the payment of attorney fees and, relatedly, the manner in which Defendants may compel payment of those allegedly due fees. Even if this dispute prompts issues regarding the

patent, resolution of those issues does not necessarily turn on patent law. First, Defendants' right to assert an attorney fee lien is based exclusively on Oregon law, and it is the interpretation and application of Oregon law upon which Berkeley's complaint turns. Second, that the parties might dispute whether the Oregon attorney lien statute may be properly applied to a patent does not convert Berkeley's state law complaint into a case over which federal jurisdiction may be invoked. In *Clearplay, Inc., v. Abecassis, et al.*, 602 F.3d 1364 (Fed. Cir. 2010), plaintiff asserted six claims, each based on Florida law. *Id*. at 1367-68. Defendants argued that federal jurisdiction existed because the parties' dispute arose from the alleged breach of a settlement agreement, which included the granting of a license agreement, in a patent infringement lawsuit. *Id*. at 1364. The Federal Circuit stated:

> While it is true that questions of patent infringement are addressed at various points in the communications that are at issue in ClearPlay's complaint, and while it is possible that patent law issues could arise in the course of litigating any one of ClearPlay's claims, it is equally clear that none of those claims necessarily turns on an issue of patent law. That is, in the case of each asserted claim, there is at least one theory of relief that would not require the resolution of a patent law issue.

*Id*. at 1364. Here, Berkeley's claims might involve a discussion of whether a patent may be the proper subject of an attorney lien, but the outcome of Berkeley's lawsuit will be determined by Oregon statutory law, not federal patent law.

Defendants have failed to meet their burden to establish that resolution of the state law claims necessarily relies on federal patent law and, therefore, no federal question jurisdiction lies.

II.     Diversity

Where no federal question jurisdiction exists, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought." 28 U.S.C. § 1441(b) (2010). Diversity jurisdiction also carries a minimum amount in controversy of $75,000. *See* 28 U.S.C. § 1332(a) (where the parties meet the citizenship requirements of diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . .").

Berkeley argues that complete diversity does not exist because both itself and Defendants are citizens of Oregon. Although Defendants suggest that Berkeley has not joined the proper parties, they do not dispute this characterization. The Notice of Removal states that JJPC "is an Oregon Company formed in July, 2009 at the request of plaintiff . . . ." (Notice of Removal ¶ 14.) Federal law provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1). Thus, because JJPC meets the definition of a citizen of Oregon and there is no dispute that Berkeley is also a citizen of Oregon, this action also lacks federal jurisdiction based on diversity.

III.     Timeliness of Removal

Even if the court had jurisdiction over this action, removal would be improper as untimely. The removal statutes provide: "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Berkeley contends that service was achieved in a variety of ways by at least March 2, 2010, and, thus, Defendants' April 19, 2010, removal was not timely filed. Defendants argue that they have not yet been adequately served and, thus, removal was timely.

Based on the record evidence before it, the court concludes that the notice of removal was

not timely filed. At a minimum, Defendants received actual notice of the action more than thirty days prior to filing the notice of removal. In Oregon, the rules of civil procedure provide that

> [f]ailure to comply with provisions of this rule relating to the form of summons, issuance of summons, or who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action.

OR. R. CIV. P. 7(G). It is clear from the record that Defendants received actual notice of this action and its substance by at least March 2, 2010, when Jacobson stated, in an email, that he found the service documents in his office and commented on the substance of the asserted claims. This evidence of service is in addition to the February 23, 2010, email from Berkeley to Defendants with service documents attached, as well as service on March 2, 2010, to a third-party whom Defendants identified as the proper person to accept service of the complaint on Defendants' behalf. Additional evidence of service includes an email confirming service from the process server, confirmation of receipt of a certified letter sent by Berkeley to Defendants to which service documents were attached, and yet another attempt to serve Defendants by email on March 1, 2010. Defendants present no evidence to refute or question the veracity of Berkeley's evidence of service. Accordingly, Defendants' notice of removal was untimely.

IV.   Attorney Fees

Berkeley asks for the attorney fees incurred to research, draft, and argue its remand motion, pursuant to 28 U.S.C. 1447(c). That subsection states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal.

28 U.S.C. 1447(c)

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorneys fees "incurred as a result of the removal." *Dall v. Albertson's, Inc.*, No. 08-55955, 2009 U.S. App. LEXIS 22822 (9th Cir. 2009) (quoting 28 U.S.C. § 1447(c)) (denying fees where record supported that defendant reasonably believed plaintiffs' claims turned on analysis of the collective bargaining agreement). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) (citations omitted). Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal ultimately is unsuccessful. *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Something more, such as frivolousness, is required. *Id*. at 1065-66 (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. at 141 (citations omitted).

However, a finding of objective unreasonableness is not by itself determinative of the attorney fee question. The Ninth Circuit has suggested that the district court may properly act within its discretion by denying fees under § 1447(c) even if the record demonstrates that removal was objectively unreasonable. *Houden v. Todd*, No. 08-35518, 2009 U.S. App. LEXIS 20594, at *4 (9th Cir. 2009). In such a situation, the district court must explain its reasoning so that if an appeal is filed the reviewing court may determine if the district court abused its discretion. *Id*. *See also Lussier v. Dollar Tree Stores*, 518 F.3d at 1065 (acknowledging abuse of discretion standard of

review for denial of attorney fees after successful remand motion). "Abuse of discretion" in this context means a decision by the district court "based on clearly erroneous findings of fact or erroneous determinations of law." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003).

Based on the record as a whole, including the hearing on Berkeley's motion, the court denies Berkeley's motion for attorney fees. First, the relevant case law did not "clearly foreclose" that the patent did not confer federal jurisdiction here. The parties' dispute arises from legal work Defendants provided to Berkeley in connection with a patent application and for which Defendants were not paid. Berkeley hired Defendants to perform this work, and did so in part because of Jacobson's knowledge of the patent. Defendants' removal of the case to this court was not objectively unreasonable because some uncertainty existed whether patent law issues required resolution here. Defendants' arguments raised a colorable claim that a state court might not have jurisdiction to decide whether a federally issued patent could be liened against under a state attorney fee lien statute. Further, the court is sufficiently satisfied after hearing Defendants' arguments that they had a good faith belief that the case could be properly removed. Thus, although the court has determined that Berkeley's claims turn on questions of state law and do not involve substantial questions of patent law, the mere fact that the court rejected Defendants' claims does not amount to objective unreasonableness for purposes of attorney fees under § 1447(c).

Second, the timeliness of Defendants' removal is a closer question, but the court finds that Defendants' attempt was not objectively unreasonable. Berkeley used multiple methods of service to reach each defendant and the Defendants disputed the propriety and effectiveness of those service attempts. Further, Defendants' arguments and responses to the court's questions at the hearing on Berkeley's motion made clear that Jacobson, although an attorney, practices before the Patent and

Trademark Office and is not experienced as a civil litigator, and is thus not familiar with the nuances of service methods alternative to personal service. In the circumstances of this case, the court cannot say that Defendants' attempted removal was objectively unreasonable as to its untimeliness.[4]

Third and finally, there is no evidence of deliberate disregard of the removal statute or of a malicious intent to delay the proceedings by removal. Defendants believed that the patent created a federal question that a state court had no jurisdiction to resolve. Because the patent is the object of Defendants' purported lien and the patent was the subject of the legal work Defendants performed for Berkeley, the court cannot say that Defendants' argument that federal jurisdiction was required is a frivolous argument and cannot find insincere Defendants' belief that federal jurisdiction exclusively applied. Further, the court recognizes that Defendants are motivated to move the case forward to remove impediments to collection of the attorney fee they claim Berkeley owes them.

In sum, the court concludes that an objectively reasonable basis existed for Defendants' attempted removal. Accordingly, Berkeley's request for attorney fees under § 1447(c) is denied.

*Conclusion*

For the reasons stated, this court lacks a basis upon which to exercise jurisdiction in this matter. Accordingly, Berkeley's motion (#3) to remand is GRANTED. Berkeley's request for attorney fees is DENIED.

DATED this 15th day of June, 2010.

                                                           /s/ John V. Acosta        
                                                            JOHN V. ACOSTA
                                          United States Magistrate Judge

---

[4] Because the court has found that Defendants' attempted removal was not objectively unreasonable on the federal question ground, it need not reach or decide Berkeley's contention that the removal was objectively unreasonable under the diversity ground.

OPINION AND ORDER                              14                              {KPR}